TALIS J. COLBERG
ATTORNEY GENERAL

Rebecca H. Cain
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDRICK M. GAMBLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DEPARTMENT OF THE ARMY, ) <br> ALASKA DEPARTMENT OF ) <br> MILITARY AND VETERANS ) <br> AFFAIRS, ALASKA ARMY ) <br> NATIONAL GUARD and THE ) <br> ALASKA NATIONAL GUARD ) <br> YOUTH CORPS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:08-cv-00207 ESH <br><br><br><br><br><br><br> **MOTION AND** <br> **MEMORANDUM IN SUPPORT** <br> **OF MOTION TO DISMISS** |

**I.    Introduction**.

Plaintiff, Fredrick Gamble, a member of the Alaska Army National Guard ("AKNG") was dismissed from the United States Army following a general court martial in Afghanistan.[1]  After his court martial Mr. Gamble filed this lawsuit against the Army,

---

[1] *See* Docket No. 1, Supplement to Petition for Grant of Review at 1-2.

the Alaska Department of Military and Veterans Affairs, AKNG, and the Alaska National Guard Youth Corps ("AKNGYC")[2], in federal district court. His suit seeks $75,000,000 in compensatory damages for alleged violations of his rights under the Privacy Act of 1974, both during the investigation that led to his court martial and many years earlier when he worked for AKNG, and AKNGYC.[3] He alleges that AKNG, and AKNGYC, in violation of the Privacy Act, maintained a "secret" file concerning a 1994 investigation of him and improperly produced this file to the Army during the investigation that led to his court martial.[4]

The State of Alaska, Office of the Attorney General has filed a limited entry of appearance on behalf of the State of Alaska and AKNG and AKNGYC and now seeks dismissal of Mr. Gamble's claims against AKNG and AKNGYC arising from their role as agencies or departments of the State of Alaska. The National Guard is a hybrid organization that serves both the state in which it is located and the federal government in times of need. To the extent that Mr. Gamble's claims arise from AKNG and AKNGYC's actions as agencies of the State of Alaska, however, the Eleventh Amendment to the United States Constitution prevents Mr. Gamble from bringing these

---

[2] The Alaska Army National Guard and the Alaska National Guard Youth Corps, now the Alaska Military Youth Academy, are both divisions of the Alaska Department of Military and Veterans Affairs. For the sake of clarity this memorandum will simply refer to the Alaska Army National Guard and the Alaska National Guard Youth Corps throughout the rest of this motion.

[3] *See* Docket No. 1, Attachment 3 at 124.

[4] *See* Docket No. 1, Supplement to Petition for Grant of Review at 4-5, 8-10.

claims in federal court. The Court lacks jurisdiction over these claims and they must be dismissed.

## II. Legal Standards For Motions To Dismiss.

The State of Alaska seeks dismissal of Mr. Gamble's claims against AKNG and AKNGYC under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to show by a preponderance of the evidence that the court has jurisdiction to hear his claims.[5] While for the purposes of a motion to dismiss brought under Rule 12(b)(1) the Court must accept as true all factual allegations contained in a complaint "'plaintiff's factual allegations in the complaint…will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim" because the plaintiff has the burden of proof to establish jurisdiction.[6]

Federal Rule of Civil Procedure 12(b)(6) allows early dismissal for "failure to state a claim upon which relief can be granted."[7] A motion filed under this rule tests the legal sufficiency of the claims in the complaint. When reviewing a Rule 12(b)(6) motion to dismiss, all allegations of material fact in the complaint are taken as true and

---

[5] Fed. R. Civ. P. 12(b)(1); *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001).

[6] *Grand Lodge of the Fraternal Order of Police*, 185 F.Supp. 2d at 13-14 (citations omitted).

[7] Fed. R. Civ. P. 12(b)(6).

construed in the light most favorable to the nonmoving party.[8]  However, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.[9]

### III. Mr. Gamble's Claims Against AKNG And AKNGYC Arising From Their Role As State Agencies Are Barred By The Eleventh Amendment.

States, their agencies, and their employees acting in their official capacities are protected from lawsuits in federal court by the Eleventh Amendment to the United States Constitution.[10]  The Supreme Court held in *Pennhurst State School and Hospital v. Halderman*[11] that in the absence of consent or Congressional abrogation of state sovereign immunity, the Eleventh Amendment prohibits suits brought against a State or one of its agencies or departments in federal court.[12]  This jurisdictional bar applies regardless of the nature of the relief sought.[13]

The National Guard "occupies a distinct role in the federal structure that does not fit neatly within the scope of either state or national concerns."[14]  It is a hybrid

---

[8]   *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994).

[9]   *Id.* at 1276.

[10]   *E.g., Port Auth. Tran-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (citing numerous cases).

[11]   465 U.S. 89 (1984).

[12]   *Id.* at 100-01.

[13]   *Id*.

[14]   *Knutson v. Wisconsin Air Nat'l Guard*, 995 F.2d 765, 767 (7th Cir. 1993).

organization that serves the state within which it is located as well as the federal government in times of need.[15] Within each state the National Guard is a state agency, under state authority and control with the activity, makeup, and function of the Guard provided for, to a large extent, by federal law.[16]

The National Guard's hybrid nature however, does not alter the Eleventh Amendment's prohibition on suits against state agencies in federal court. Courts have routinely held that the Eleventh Amendment bar applies to suits brought against a state National Guard in federal court.[17]

Similarly to the extent that Mr. Gamble's claims against AKNG and AKNGYC arise from their role as state agencies, his claims are barred by the Eleventh Amendment and must be dismissed. He does not assert, nor can he allege, any set of facts indicating that the State of Alaska's immunity from such a suit has been waived or abrogated.[18] Alaska has not waived its Eleventh Amendment immunity from suits in

---

[15] *Id*; *see also New Jersey Air Nat'l Guard v. Federal Labor Relations Auth.*, 677 F.2d 276, 278-79 (3d Cir. 1982).

[16] *New Jersey Air Nat'l Guard*, 677 F.2d at 279.

[17] *Day v. Massachusetts Air National Guard*, 167 F.3d 678, 686 (1st Cir. 1999); *Jones v. New York State Division of Military and Naval Affairs*, 166 F.3d 45, 49 (2nd Cir. 1999); *Meadows v. State of Indiana*, 854 F.2d 1068, 1069-70 (7th Cir. 1988); *Bryant v. Military Dept. of the State of Mississippi*, 381 F.Supp.2d 586, 591 (S.D. Miss. 2005).

[18] *See, e.g., Port Authority*, 495 U.S. at 305-07; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-66 (1989).

federal court[19] and Mr. Gamble has not pointed to any authority indicating that Congress has manifested an unequivocal intent to abrogate state sovereign immunity for the claims he brings in his complaint.[20]  Thus, the Eleventh Amendment is a complete bar to Mr. Gamble's claims against AKNG and AKNGYC arising from their actions as agencies of the State of Alaska and those claims must be dismissed.

**IV.    Conclusion.**

Mr. Gamble's claims against the State of Alaska and AKNG and AKNGYC as agencies or departments of the State of Alaska must be dismissed.

DATED this 14th day of April, 2008, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By:    s/ Rebecca H. Cain
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5190
       Fax:   (907) 258-0760
       Rebecca.Cain@alaska.gov
       Alaska Bar No. 9811056

---

[19]    *State v. O/S Lynn Kendall*, 310 F.Supp. 433, 434-435 (D. Alaska 1970).

[20]    Indeed, Mr. Gamble appears to presume that AKNG and AKNGYC are entirely federal agencies.  *See* Docket No. 1, Supplement to Petition for Grant of Review at 16-17.

CERTIFICATE OF SERVICE

This is to certify that on this date,
a copy of the foregoing
Motion and Memorandum In Support
of Motion to Dismiss
is being served via first class mail on:

Fredrick M. Gamble
Regional Confinement Facility
1490 Randolph Road
Fort Sill, OK 73503

Via ECF:

Brian Christopher Baldrate
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530


<u>s/ Rebecca H. Cain          4/14/08</u>

TALIS J. COLBERG
ATTORNEY GENERAL

Rebecca H. Cain
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDRICK M. GAMBLE,                )<br>                                                     )<br>        Plaintiff,                              )<br>                                                     )<br>vs.                                                )<br>                                                     )<br>DEPARTMENT OF THE ARMY,  )<br>ALASKA DEPARTMENT OF       )<br>MILITARY AND VETERANS    )<br>AFFAIRS, ALASKA ARMY         )<br>NATIONAL GUARD and THE    )<br>ALASKA NATIONAL GUARD   )<br>YOUTH CORPS,                         )<br>                                                     )<br>        Defendant.                          )<br>_____) | Case No. 1:08-cv-00207 ESH<br><br><br><br><br><br><br><br><br><br>**ORDER** |

       Upon consideration of the State of Alaska's motion to dismiss all claims against the Alaska Department of Military and Veterans Affairs, the Alaska Army National Guard, and the Alaska National Guard Youth Corps in their capacity as agencies of the State of Alaska, any opposition thereto, it is hereby

       ORDERED that the State of Alaska's Motion is GRANTED, Plaintiff's claims against the Alaska Department of Military and Veterans Affairs, the Alaska Army

National Guard, and the Alaska National Guard Youth Corps in their capacity as agencies

of the State of Alaska are DISMISSED.

        DATED this \_\_\_\_ day of _____ , 2008.

                                        _____
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

CERTIFICATE OF SERVICE

This is to certify that on this date,
a copy of the foregoing
Order is being served via first class mail on:

Fredrick M. Gamble
Regional Confinement Facility
1490 Randolph Road
Fort Sill, OK 73503

Via ECF:

Brian Christopher Baldrate
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530

s/ Rebecca H. Cain        4/14/08