**RECEIVED**

APR 2 5 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| Fredrick M. Gamble | ) | Motion for Summary Judgment |
| Regional Confinement Facility | ) | FRCP Rule 50 and 56 |
| P.O. Box 305 | ) | |
| Fort Sill, OK 73503-5305 | ) | |
| Phone Number: (580) 442 - 4313 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 08-207(ESH) |
| | ) | |
| DEPARTMENT OF THE ARMY et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR SUMMARY JUDGMENT

### DEMAND FOR JUDGMENT FOR THE RELIEF TO WHICH THE PLEADER DEEMS HIMSELF ENTITLED

The plaintiff requests this honorable Court to find that the defendant did in fact proximately injure the plaintiff as a result of their intentional/willful actions in violation of 5 U.S.C. 552, and in accordance with (IAW) Federal Rules of Civil Procedure (FRCP) Court Rule 56, a summary judgment and Court Rule 50, granting of a "judgment as a matter of law" require the defendant to: restore to the plaintiff what was taken from him and his family due to violations of his private and/or personal rights by granting monetary relief in the sum of $150,000,000[1]; and to discontinue the wrongful acts of a publication placing the plaintiff in a false light, by expunging all the plaintiff's administrative and legal military records associated with said record which violates 5 U.S.C. 552.

---

1 This sum is based on the Privacy Act Law Suit reference Case Number 1:08-cv-207, which was submitted upon its own merits, and evidence attachment 1 of this Motion, hereto referred to as TAB B for Freedom of Information Act (FOIA) violations submitted upon its own merits.

## BURDEN OF PROOF AND STANDARD OF PROOF

As the movant the plaintiff has to show the lack of a genuine issue of fact by two main means:

1. Affidavits: First, he may submit affidavits.

a. Contents of affidavits: These affidavits must recite only matters as to which the affiant has personal knowledge, must state only matters which would be admissible at trial, and must "show affirmatively that the affiant is competent to testify to the matters stated therein." See Rule 56(e).

b. Discovery materials: Second, he may submit the fruits of discovery (e.g., depositions, interrogatory answers, etc.), no matter which side they were obtained from. See Rule 56(e).

Regardless of who will have the burden of persuasion on an issue at trial, the movant bears the initial burden of production on that issue. That is, as part of his summary judgment papers, he bears the burden of coming forward with information that "clearly establishes that there is no factual dispute regarding the matter upon which summary judgment is sought." Sattar v. Motorola, Inc., 138 F.3d 1164 (1998).

Normally, the movant will, as noted, do this by presenting affidavits, depositions, etc. However, the Supreme Court has made it clear that at least in those situations in which the responding party will bear the burden of persuasion at trail, the movant will not necessarily have to come up with affidavits, depositions, or other evidentiary materials. Instead, he may be entitled to summary judgment merely by showing that the existing record contains no

evidence that the other side (which will bear the burden of persuasion at trial) will be able to prove an essential element of its case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

## FACTS

The plaintiff repeats and re-alleges the allegations in the Facts section of his Privacy Act complaint Case Number 1:08-cv-207 dated February 5, 2008 and TAB A of that document.

## LAW

The plaintiff relies on the following authorities in support of this Motion:

FRCP Rule 56

FRCP Rule 50

FRCP Rule 11

5 U.S.C. 552

<u>Sattar v. Motorola, Inc.</u>, 138 F.3d 1164 (1998).

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

<u>Liberty Mutual Insurance Co. v. Wetzel</u>, 424 U.S. 737 (1976).

## WITNESSES/EVIDENCE

The Plaintiff intends to call no witnesses for this motion.

The Plaintiff requests the following evidence produced for this motion:

- TAB B Amendment to 08-207(ESH) based on FOIA of 1964 violations

- Article 74 Request

- Letter from LTC Patricia A. Harris

- Email seeking Consent to Proceed before a US Magistrate Judge

3

## ARGUMENT

### No Just Reason for Delay Based on No Genuine Issue of Material Fact

The plaintiff vehemently opposes the Defendants' Motion for an Enlargement of Time within Which to Answer, Move, Or Otherwise Respond to Plaintiff's Complaint for an additional thirty (30) days based on "no just reason for delay." The plaintiff emphasizes that the defendant is not automatically entitled to uncalled-for delay simply by filing for it with a frivolous extension. Furthermore, IAW Local Rule (LR) 7.5W Response and Memorandum, if the respondent opposes a motion, he shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which respondent relies. Therefore, since the plaintiff received by mail the defendants' motion on April 16, 2008, and based upon the reasons addressed in that motion, the submitted reasons for delay are primarily to afford the defendant the ability to make a more "reasonable inquiry" or words to that effect.

Rule 11 of the FRCP provides that the lawyer must make "reasonable inquiry" before signing the pleading. What constitutes "reasonable inquiry" will, of course, vary from case to case. The plaintiff concedes that if the claim is one, which, if true, should logically be supported by evidence already available to the defendant, the defendant's lawyer probably cannot blindly accept the client's word for what happened, and must at least question the client about his story. However, the defendant's lawyer has already had 60 days in which to coordinate

4

with the other agencies that share concurrent liability in this case, in order to,
question his client about their story. Moreover, if the defendant's lawyer is
claiming that the only likely evidence in support of the proposed claim lies with
the plaintiff, then the defendant's lawyer probably may sign the answer without
detailed inquiry, on the theory that he can obtain evidence through discovery
after filing the action[2]. Thus, in this case the defendant's lawyer has requested
for an extension in order to conduct a reasonable inquiry, but as stated above he
may still sign and file his answer without a detailed inquiry, and obtain evidence
through discovery from the plaintiff who has submitted such evidence in support
of his complaint. Therefore, the plaintiff asserts that the defendant is in violation
of providing an answer to this Honorable court IAW the 60 day time limit afforded
to it in the summons from the court in which it was served. Furthermore, there is
no lack of present evidence as the plaintiff has already provided sufficient
evidence in support of his proposed claim to the defendant's lawyer. Therefore,
an extension would only bring about unnecessary delay and the needless
increase of litigation costs for the plaintiff. Finally, the defendant's request to
delay an additional 30 days in providing this Honorable court their answer to the
plaintiff's complaint is simply unreasonable because there is no genuine issue of
material fact. The FRCP clearly provides for reasonable defense delays, and the
plaintiff acknowledges the grant of such delays. However, an additional 30 days
falls far beyond the boundaries of reasonableness, especially considering the

---

2 Under the new Rule 11(b)(3), the allegations for which there is a lack of present evidence must be
"specifically so identified" in the pleading.

parties involved and this court's mutual interest in the expedient pursuit of justice.

The plaintiff further concedes that the defendant's attorney must not file frivolous pleading IAW Rule 11, however, it is the lawyer's job to make sure that a pleading or any other paper submitted to the court is not frivolous, and not issued to harass or delay the adversary.  The plaintiff asserts that based on all of the evidence provided by the plaintiff in this case, the defendant's intent here is only to continue to harass him by delaying to answer a complaint in which the defendant has already knowingly conceded the truth of all of the plaintiff's allegations.  Rule 11 imposes this requirement, and provides that a lawyer who fails in this duty may be fined or otherwise sanctioned.

1. Lawyer's obligation:  When the lawyer files a pleading, the lawyer is thereby "certifying that to the best of the [lawyer's] knowledge, information, and belief, formed after a reasonable inquiry under the circumstances does the following:

a. The pleading "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" as the plaintiff asserts, based on Rule 11 under the FRCP which has a Theoretical good faith requirement.  This portion of the rule states that the "reasonable inquiry" requirement in theory at least prevents the defendant's attorney from denying allegations which he knows to be truthful, and from denying knowledge or information about the allegation if he knows it to be truthful.  If the lawyer violates Rule 11, sanctions may be used by the court.

b. "The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension,

modification, or reversal of existing law or the establishment of new law." Therefore, denying the defendants' motion would not limit or infringe upon the timetable for various pleadings given by existing law under Rule 12(a) as follows:

(1)  Complaint:  Filing of the complaint will normally occur before it is served.  Service must then normally occur within 120 days (Rule 4(m)).  The plaintiff did indeed meet his time limit constraints and serve the defendant with summons, which were signed for by the defendant at all locations vicinity Washington D.C. on February 13, 2008.  Furthermore, summons served on and signed for by the defendant at all locations vicinity Anchorage, Alaska on February 14, 2008.

(2)  Answer:  The answer must be served within 20 days after service of the complaint, except that:

(a)  Different state rule:  If the plaintiff has served the defendant out of state (which the plaintiff concurs he did), by using the long arm statue of the state where the district court sits (as allowed by Rule 4(k)(1)(A), the time to answer allowed under that state rule governs (typically a longer period). This longer period was indeed granted by this Honorable court, as the defendant was granted 60 days in which to respond to the plaintiff's Complaint instead of the normally required 20 days.

(b)  Rule 12 motion:  If defendant makes a Rule 12 motion against the complaint, and loses, he has 10 days after the court denies the motion to answer.  (If he wins, the plaintiff will usually replead.)

7

(c) 60 days if Defendant waives formal service:

Under a 1993 amendment to Rule 12, if the defendant agrees to the plaintiff's request for waiver of formal service of the summons, then the defendant gets 60 days, rather than 20 days, to answer. See Rule 12(a)(1)(B). The time runs from the date the request for waiver was sent by the plaintiff. This additional time is meant as an incentive to the defendant to accept "service by mail" in lieu of formal service.

(3) Reply to counterclaim: If the answer contains a counterclaim, the plaintiff must serve his reply within 20 days after the service of the answer.

c) "The allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." The evidence attachments to this Motion clearly prove that even if granted an extension in order to conduct more of "a reasonable inquiry" there are no factual contentions stated by the defendant to have any evidentiary support. The evidence provided by the plaintiff only enhances the defendant's lawyer's ability to probably sign the complaint without detailed inquiry on the theory that he can obtain evidence through discovery after filing the action.

d) "The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." There is no factual contention warranted by the evidence since the defendant is the one who made the admittance in a memorandum, and

8

then violated 5 U.S.C. 552 with their intentional/willful actions. Furthermore, there is no lack of information or belief as to these facts, as the defendant has had in their possession every piece of evidence presented by the plaintiff, based on the record in question itself, and the allied paperwork from his General Court-Martial case, to include the 124 page Grostefon Letter submitted to the Court Of Appeals for the Armed Forces (C.A.A.F.), and entered into evidence in his *pro se* Complaint as TAB A.

### The Plaintiff's Entitlement to Judgment as a Matter of Law

In accordance with Rule 50 under the FRCP, which addresses situations in which a case is so one-sided that the court may grant "judgment as a matter of law" taking the case from the jury, in addition to, Rule 56 under the FRCP, which deals with summary judgment. The plaintiff is acting as the moving party by showing that there's no way a jury could find against him in Case Number 1:08-cv-207, dated February 5, 2008, and/or his claims in TAB B, based on the answer provided by the defendant found in discovery materials, and in the contents of affidavits he has submitted as evidence IAW Rule 56(e). This admittance of every element in the plaintiff's claim by the defendant in accordance with Rule 8(b) under the FRCP through discovery materials and affidavits from his General Court-Martial trial and it's allied paperwork, will prove that his allegations provided in TAB B, in conjunction with his original complaint are factual, and provides enough evidence to raise a right to relief above the speculate level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) of the defendant's various violations of 5 U.S.C. 552.

9

Summary judgment may be granted with respect to certain claims in a lawsuit even when it is not granted with respect to all claims. If this occurs, the court may order the entry of judgment on the claims as to which summary judgment has been granted if there is "no just reason for delay" in the entry of judgment. See Rule 54(b). This is called partial summary judgment. The losing party may then appeal the partial summary judgment, while the undisposed-of claims are being tried.

Rule 56(c) permits the court to grant summary judgment on the issue of liability alone, where a genuine issue concerning damages remains. This type of "partial" summary judgment is "interlocutory" in nature. It is therefore not immediately appealable except at the discretion of the trial judge pursuant to the Interlocutory Appeals Act, 28 U.S.C. 1292(b). Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737 (1976).

Demand for judgment: Under Rule 8(a), each complaint as well as each counterclaim and cross-claim must contain "a demand for judgment for the relief to which the pleader deems himself entitled." Generally, this demand for relief sometimes called the "prayer," will be for one or more of the following three things: money damages; injunctive or other equitable relief; a declaratory judgment as to the parties' rights and liabilities. If the trial makes it clear that the demand for relief was inappropriate, the court must nonetheless grant "the relief to which the party in whose favor [judgment] is rendered is entitled, even if the party has not demanded such relief in his pleadings." Rule 54(c). Moreover, in the event of a default judgment, this rule does not apply, i.e., judgments entered

against a defendant who never answers the complaint.  Rule 54(c) states that "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

The Defendant has already admitted/conceded, the truth of almost all of the plaintiff's allegations based upon a memorandum sent by Lieutenant Colonel (LTC) Susan Bailar, the Staff Judge Advocate of Headquarters, Alaska National Guard, to Captain John L. Calcagni III the Department of the Army's prosecuting attorney during the plaintiff's General Court Martial on September 27, 2006.  TAB B argues the points of this memorandum and presents this memorandum as an evidence attachment.  In the memorandum LTC Bailar readily conceded that the defendant's Alaska Army National Guard (AK ARNG) G1 in Alaska is the custodian of the secret incomplete record in question, so proving that the defendant has already provided an answer to the plaintiffs allegations in his General Court-Martial case.  Their request for a delay is therefore intended only to continue to harass the plaintiff and bring about unnecessary delay and the needless increase of litigation costs for the plaintiff.  Secondly, "per Mr. (formerly Captain) Jones, the documents are not the entire record of what happened; he indicated that the individual was re-hired by the Youth Corps director at the time after review of the case."  Furthermore, he states that he could not "locate any records indicating any military investigation or adverse action transpired as a result of this correspondence.  The State Equal Employment Manager was unable to locate any EEO or EO records in current files, or the archives."  This lopsidedly proves that there is no general issue of material fact between the

defendant and the plaintiff, as this piece of evidence clearly verifies, by the defendant's own acknowledgement, that the secret file is indeed incomplete and displays how the secret incomplete record, was intentionally/willfully sent to Afghanistan without the plaintiff's permission, and used illegally by the defendant in a pending case against the plaintiff. Therefore, the defendant doesn't need an extension of time to conduct a "reasonable inquiry." The plaintiff reemphasizes that point because the defendant has indeed conducted a "reasonable inquiry" into all matters pertaining to this case. The plaintiff once again submits prove of this admittance by the defendant in their correspondence with the plaintiff in his several attempts to obtain a peaceful settlement of this matter outside of this Honorable court. As depicted in evidence attachment 2, a letter in the form of an Article 74 UCMJ clemency request. This letter was responded to with a letter dated March 14, 2008 from LTC Patricia A. Harris of the Office of the Judge Advocate General for the Department of the Army, hereto referred to as evidence attachment 3, which states that the plaintiff's request was sent to her office and "is undergoing review." What's more, it states that the plaintiff "may be certain that all aspects of his case would be given careful consideration and that his legal rights would be fully protected." Furthermore, in evidence attachment 4, an email seeking Consent to Proceed before a US Magistrate Judge, portrays how the plaintiff has contacted the defendant's counsel seeking to settle this matter, but received no consent to have the case to proceed before a US Magistrate Judge, in order to mitigate the cost of litigation, due to the substantial criminal

caseload before this Honorable court and the requirements of the criminal Speedy Trial Act frequently resulting in the delay of trials of civil cases.

Further evidence has been provided in the form of denied requests to: four requests for clemency; a parole request to include an appeal against that request's denial, which in turn was denied; filing two Motions to Dismiss all charges and specifications against the plaintiff with prejudice prior to trial, which were denied; going through two Military Appeals Courts which received denials; various Motions enclosed in TAB B prior to his General Court-Martial trial; and a denial to review his Writ of Habeas Corpus seeking extraordinary relief. All of which demonstrates how the defense has been afforded ample time to respond, and clearly meets the plaintiff's burden of production to this Honorable court about how he is entitled to judgment as a matter of law.

## CONCLUSION

The defendant is in direct violation of the instructions provided by this Honorable court in the summons served "to serve on the Plaintiff's Attorney an answer to the complaint which is served on you with this summons, within 60 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint." The plaintiff therefore asserts that 60 days from the summons exclusive of the day of service expired on April 14, 2008, and that the plaintiff indeed did not receive an answer from the defendant. Instead, the defendant sought only to harass the plaintiff by attempting to delay these proceedings by filing a frivolous motion to extend the reasonable time granted to

it by this Honorable court. Consequently, the plaintiff is acting as the moving party by submitting this Motion for Summary Judgment against the defendant for the relief demanded in this Motion, original complaint, and in TAB B based upon the burden of production provided by the plaintiff.

The plaintiff further respectively reminds this Honorable court, that if one party can show that there is no "genuine issue of material fact" in the lawsuit, and that party is "entitled to judgment as a matter of law," that party can win the case without going to trial. Generally, the court will direct a verdict if the evidence is such that reasonable people could not differ as to the result. Moreover, the defendant has been in control of this secret incomplete record for the past 14 years, and during that time has never offered evidence in dispute of its existence. To the contrary the defendant admitted the record as evidence against the plaintiff in his General Court-Martial case by sending it to Afghanistan on September 27, 2006, which TAB B will overwhelmingly argue beyond dispute the defendant's violation of 5 U.S.C. 552, and has had ample time to respond with an answer to this Honorable court based on their knowledge and admittance to this records existence. The March 14, 2008 statement by the defendant's SJA that "Your request was sent to this office and is undergoing review. You may be certain that all aspects of your case will be given careful consideration." Considering the aforementioned facts, the defendant's action is nothing more than a frivolous tactical delay in conceding a truthful answer to the plaintiff's allegations on how their egregious actions did intentionally/willfully violated the Privacy Act of 1974 and the FOIA of 1964 IAW 5 U.S.C. 552.

14

The plaintiff has clearly and substantially met his burden of proof in this case through the production of legal and factual evidence, and has undoubtedly shown that he is entitled to a summary judgment with the presumption directed against the defendant. The defendant now bears the initial burden of producing an adequate rebuttal of non-presumed evidence. If the defendant produces no evidence by law he suffers a summary judgment. Thus, the plaintiff is "entitled to judgment as a matter of law," and should win this case without going to trial.

Thereby, the plaintiff requests this honorable Court to find that the defendant did in fact proximately injure the plaintiff as a result of their intentional/willful actions in violation of 5 U.S.C. 552, and IAW FRCP Court Rule 56, a summary judgment and Court Rule 50, granting of a "judgment as a matter of law" require the defendant to: restore to the plaintiff what was taken from him and his family due to violations of his private and/or personal rights by granting monetary relief in the sum of $150,000,000. This sum is based on the Privacy Act Law Suit reference Case Number 1:08-cv-207, which was submitted upon its own merits, and TAB B of this Motion for FOIA of 1964 violations submitted upon its own merits; and to discontinue the wrongful acts of a publication placing the plaintiff in a false light, by expunging all the plaintiff's administrative and legal military records associated with said record which violates 5 U.S.C. 552.

FREDRICK M. GAMBLE
Plaintiff

Fredrick M. Gamble (Requester)         )    Seeking suspension of my entire
MAJOR, U.S. Army, (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)        )    executed sentence; a
Regional Confinement Facility          )    substitution of an administrative
P.O. Box 305                           )    discharge for a punitive
Fort Sill, OK 73503-5305               )    discharge; and all uncollected
Phone Number: (580) 442 - 4313         )    forfeitures In Accordance with
ATTN: Mrs. RaShonda Labrador           )    Article 74, U.C.M.J.
                                       )
          for the                      )
                                       )
                                       )
Secretary of the Army                  )
Department of the Army                 )
Washington, D.C. 20310                 )    29 February 2008

## RELIEF SOUGHT

Under the provisions of Article 74, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 874 (1988), I'm seeking a suspension of my entire executed sentence, a substitution of an administrative discharge for my punitive discharge, and all uncollected forfeitures. Under Article 74, Remission and suspension (a) The secretary concerned and, when designated by him, any Under Secretary, Assistant Secretary, Judge Advocate General, or commanding officer may remit or suspend any part or amount of the unexecuted part of any sentence, including all uncollected forfeitures other than a sentence approved by the President. However, in the case of a sentence of confinement for life without eligibility for parole that is adjudged for an offense committed after October 29, 2000, after the sentence is ordered executed, the authority of the Secretary concerned under the preceding sentence (1) may not be delegated, and (2) may be exercised only after the service of a period of confinement of not less than 20 years; (b) The Secretary concerned may, for good cause, substitute an administrative form of discharge for a discharge or dismissal executed in accordance with the sentence of a court-martial.

It's for good cause under Article 74, that I'm seeking relief from my Court-Martial based on the overwhelming evidence presented to various courts in the following documents: Petition for Grant of Review Criminal Appeals Docket Number 20070029 USCA Docket Number 08-0170/AR which disclosed errors in my existing record of trial and allied paperwork that is contrary to statue, settled case law, or valid regulation. The information contained in this document has been presented to all of the Military Courts from the original military trial court with several Motions to Suppress and several Motions to Dismiss, through the Appellant Courts to include the Court of Appeals for the Armed Forces (CAAF); The evidence contained in my law suit reference case number 108-CV-00207 to the District Court of the District of Columbia filed on 5 FEB 08 against the Department of the Army and agencies within it's military departments as follows:

The Department of the Army, The Alaska Department of Military and Veterans Affairs – The Alaska Army National Guard, and The Alaska Department of Military and Veterans Affairs – The Alaska National Guard Youth Corps, depict intentional/willful acts which violated the Privacy Act of 1974.

Sir, throughout this whole process, I've never received any form of relief from my sentence length or my dismissal from the Army. This has been despite all of my efforts: four requests for clemency; a parole request to include an appeal against their denial, which in turn was denied; filing two Motions to Dismiss prior to trial, which were denied; and going through two Military Appeals Courts. Now, with the formal military appeal process exhausted, and in accordance with my available Post-Appeal Remedies, there are several possible   avenues left available to me in order to obtain just relief. That said, I am coming to you to seek immediate relief before executing the following: the filing of additional law suits to the U.S. District Courts for violations separate and unto themselves of Title VII and the Freedom of Information Act of 1964; subjecting my Court-Martial conviction to collateral review by Federal Civil Courts by finalizing my petition for Writ of Habeas Corpus asserting that the Court-Martial acted without jurisdiction, that my substantial constitutional rights have been violated, and that exceptional circumstances have been presented which are so fundamentally defective as to result in a miscarriage of justice; finally, filing a Tort law suit to the U.S. Court of Federal Claims, against individuals in my Chain of Command sighting perjured testimony and providing false official statements. Consequently, it is for good cause under Article 74 that I'm seeking relief from my Court-Martial dismissal, sentence, and uncollected forfeitures based on various intentional/willful acts which violated the following:  5 U.S.C. 552; Diverse Constitutional Violations throughout my case; and numerous egregious acts of Unlawful Command Influence (UCI) committed by members of my unit during my case which clearly violated Article 37(a) Unlawful Command Influence.

## BURDEN OF PROOF AND STANDARD OF PROOF

In order to prove good cause under Article 74 UCMJ, I understand that the Secretary of the Army will only consider offering relief on the court-martial sentence, dismissal, and uncollected forfeitures when adequate evidence submitted warrants such a consideration. Therefore, I'm humbly requesting that the Secretary of the Army personally review my petition for Grant of Review Criminal Appeals Docket Number 20070029 USCA Docket Number 08-0170/AR which discloses errors in my existing record of trial and allied paperwork that is contrary to statue, settled case law, or valid regulation. The information contained in this document has been presented to all of the Military Courts from the original military trial court with several Motions to Suppress and several Motions to Dismiss, through the Appellant Courts to include the Court of Appeals for the Armed Forces (CAAF). This document will meet my standard of review for a good cause under Article 37(a) Unlawful Command Influence to 1) "allege sufficient facts which, if true, constitute unlawful command influence"; 2) Show

2

that the proceedings were unfair; and 3) Show that the UCI was the proximate cause of the unfairness. My burden of proof is "some evidence", which I believe is clearly meet, and provides "some evidence" in that document. Thereby, the Secretary of the Army should take immediate corrective action by granting me the relief I seek.

Further, I humbly request that the Secretary of the Army personally review the evidence contained in my law suit reference case number 108-CV-00207 to the District Court of the District of Columbia filed on 5 FEB 08 against the Department of the Army and agencies within it's military departments as follows: The Department of the Army, The Alaska Department of Military and Veterans Affairs – The Alaska Army National Guard, and The Alaska Department of Military and Veterans Affairs – The Alaska National Guard Youth Corps for violations of the Privacy Act of 1974. Based on the validity of that case, and other pending cases I have to seek in order to obtain relief, I respectfully submit that if the Secretary of the Army doesn't desire to have the Department of the Army proceed through the various Federal Court processes, take immediate corrective action by negotiating some type of settlement agreement.

## The Request for a thorough Impartial Review by the Secretary of the Army

My request is based on my belief that I have more than brought to bear facts sufficient enough that, if considered by a court, would rise to the level of reasonable doubt constituting UCI. Thus proving in good cause, that my petitions demonstrate how such intentional/willful egregious acts of all three forms of UCI exist in my case. The evidence provides a clear foundation to attack my Court-Martial in Federal District Court, and to file my additional law suits supporting my contention that nothing short of unlawful command influenced fraud on the court was the basis of the prosecutor's case against me. The information presented by the prosecution is factually insufficient to support the findings of guilty due to the aggregation of legally and factually unsupportable charges that denied me the due process of law even as to the valid charges. The military judge erred in refusing to grant relief based on the Motions to Dismiss Trail. The court members improperly considered extraneous information based upon baseless charges that influenced them (the fact finders) by suggesting that I have flawed character. The evidence I've submitted reasonably substantiates that those baseless charges are predicated upon incompetent, inadmissible, or even illegally obtained evidence. Moreover, my sentence is inappropriate, and my case is so permeated with UCI that the findings and sentence should have been set aside, and never even should've been presented to a military court for review, based on my pre-trial Motions to Dismiss. Regardless, based upon all of the legal errors in my case, relief from the Secretary of the Army is justified.

My existing record clearly shows that I was not only going to be convicted, but I was going to be incarcerated based on COL Williams initial statements to his primary staff. In fact, if analysis on confessions in my case are analyzed then the

presence of all three types of UCI will be prevalent with the chain of command committing the following various intentional/willful and egregious acts of UCI: where witnesses believed investigators were trying to influence them; where those same investigators prepared an inaccurate transcript of the investigation which implicated me in crimes I did not commit; where commanders and supervisors alike warned witnesses away from the trial and from me; where witnesses were punished or denied favorable treatment in part because they associated with me or supported my defense; where government investigators denied my defense access to evidence and threatened defense witnesses; where at least one witness was told not to talk to the defense counsel, while one government witness was merely encouraged to reconsider her statement and another was simply re-interviewed; where personnel in command mantle positions acting as unauthorized investigators apparently on their own, decided to conduct a surveillance mission on a Senior Officer, which had not been officially approved by the Commander; and where personnel in command mantle positions and/or accusers socialized with each other or witnesses: outside of the courtroom immediately before and after they testified at my Court-Martial trial; before and after they committed perjury at my Article 32 hearing, and Motions trials; and before and after they made false official statements during the AR 15 – 6 investigation.

The cumulative effects of all of these intentional/willful acts directly led to the Army: granting immunity in order for material witnesses to change their statements; ignoring numerous inconsistencies in the material witnesses official statements (which material witnesses made during defense interviews, in addition to, while these material witnesses were under oath on the witness stand); members of the chain of command who later become accusers talking to other possible material witnesses for weeks prior to the launch of any informal or formal investigation into any alleged misconduct ever being reported by a material witness; holding four town hall meetings to release personal command opinion to the entire witness pool; the command making side deals with material witnesses in order to promise them benefits; releasing Privacy Act information protected under the Privacy Act Law of 1974, in order to influence and forge the witness pools opinions based on obvious malicious intent. The U.S. Army was not working in the public's best interest at the time they informed other Soldiers of private information protected by the Privacy Act Law of 1974, and in fact, never should have been so careless with that information throughout an ongoing investigation, as to make it common knowledge to civilians working on KAF, and even civilians back in the rear in Alaska.

The violations of all three types of UCI in my case were brought to light when a few brave Staff Sergeants fearfully testified at my Motion to Dismiss Trial preceding my Court-Martial, stating how members of the chain of command prior to the AR 15 – 6 investigation made statements that they perceived to be threats. Their perception was that they would face adverse action if they did not provide information detrimental to my case based solely on rumor and speculation. This

4

is but one example of how my chain of command utilized threats, rumors and speculation so prevalently in my case, and clearly establishes how the U.S. Army provided personnel information for use in my case. Further, it demonstrates how the U.S. Army is aware by training and experience that any private information on me should not be provided to individuals who were not authorized access to such information. In fact the U.S. Army clearly not only violated law, but it's own regulation as well when pursuant to 10 U.S.C. 3013 and Army Regulation 15 – 6, they requested information during an AR 15 – 6 investigation. During this process material witnesses are required to read or be read a Privacy Act statement whenever personal information is solicited from an individual. Every AR 15 – 6 witnesses in my case signed such a Privacy Act Statement which by law stated that this information will be used to evaluate the facts and circumstances currently under investigation. Further, the statement states that Department of Defense employees, acting within their official capacity, who have a need to know this information, will have access to this information. This information may be used as the basis for adverse personnel action, and documents reflecting this information and such action may be filed in your official personnel files. This clearly shows that the U.S. Army performs information functions and had access to sensitive personnel information which was protected from disclosure by a privacy statute. <u>U.S. vs. Shepherd</u>, (C.C.A. LEXIS 189, 2002). Yet the U.S. Army and its responsible agents used privacy information protected by the law to defame my character with false official statements, and rumors based on information from a secret and incomplete file in both private and in public forums to impact the outcome of my AR 15 – 6 investigation, and the subsequent court-martial proceedings that followed it.

All three types of UCI are so incredibly strong in my case that most witnesses who know the truth didn't come forward, and never may. Even if a correct legal standard was applied during the General Court-Martial, the devastation to my right to the due process of law was so violated, and my defense so crippled, that the false official statements coupled with perjury committed by the material witnesses all but guaranteed my conviction and wrongful incarceration. Regardless of the pleas entered, or witnesses called on my behalf, and based on the overwhelming influence of those in Command mantle positions, I was already guilty, and thus, found guilty. There are several offenses in my case of which I am by no means guilty of committing. I was never afforded the fair chance to prove my innocence in a hostile environment created by the personnel in command mantle positions.

## CONCLUSION

Inasmuch as the CAAF may "take action only with respect to matters of Law" Article 67(d) U.C.M.J., 10 U.S.C. 867(d) it is the CAAF's function to reweigh conflicting testimony which on 27 February 08, I was informed by my appellant attorney that CAAF denied to grant review of my case, after initially agreeing to review it. No reason was offered to me, and this action affords me with no way to

file my case to the Supreme Court through the Military Court Process. Therefore, based on this denial I'm forced to go, to the Federal District Courts in order to attack my Court-Martial conviction. Moreover, where a challenge to the sufficiency of the evidence has been lodged, the CAAF's inquiry in the past has been whether there is in the record, some competent evidence from which the members of the court-martial, or the military judge in a trial by judge alone, could find beyond a reasonable doubt, the existence of every element of the offense charged. Therefore, CAAF erred in not granting review of my petition. I've made several claims during the appellant process to challenge the sufficiency of evidence in my case, which neither the CAAF nor the Army Criminal Court of Appeals (ACCA) ever looked into. Furthermore, the actual, apparent, and perceived evidence of UCI in my record of trial and allied papers clearly show inconsistencies in cross-examination, sworn statements and the intentional/willful and egregious actions of the command and witnesses motivated by revenge or in attempts to seek and/or obtain special benefits from the Army. Therefore, under the provisions of Article 74, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 874 (1988), I'm seeking a suspension of my entire executed sentence, a substitution of an administrative discharge for the punitive discharge, and all uncollected forfeitures.

Sir, I fully understand that the best way of obtaining relief is through you, but over and above the dollar amounts is the restoration of my good name and reputation which I've spent over 20 years in the Army building. Therefore, this is my modest attempt to seek a peaceful outcome. I'm not some sue happy lunatic who's bent on the blood lust of courtroom battles. The Writ of Habeas Corpus and the law suits are the only remedies I have remaining; therefore, if need be I intend to make use of them in order to restore my name and reputation. I'm not seeking revenge against those who bore false witness against me, nor am I trying to bring shame to the Army publicly. I'm simply a husband and a father whose desire is to be at home providing for my family in everyway; providing for them is all that matters. They are the only thing in my life that I can count on, as God and family have been the only things that have sustained me throughout this whole ordeal. I am willing to fight to the death in order to be restored and made whole again having no greater understanding than the need to return to them a free man, without questionable or defamed character.

Respectfully,

Fredrick M. Gamble
Requester

6



**DEPARTMENT OF THE ARMY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1777 North Kent Street
Rosslyn, Virginia 22209-2194

REPLY TO
ATTENTION OF:                                  March 14, 2008

Criminal Law Division

Major Fredrick M. Gamble
P.O. Box 305
Fort Sill, Oklahoma 73503

Dear Major Gamble:

   I am replying to your letter to the Secretary of the Army concerning your clemency request. The Office of the Secretary of the Army forwarded your communication to the Criminal Law Division, Office of The Judge Advocate General, because this office has special expertise in military criminal law and the Uniform Code of Military Justice.

   Your request was sent to this office and is undergoing review. You may be certain that all aspects of your case will be given careful consideration and that your legal rights will be fully protected.

                              Sincerely,

                              *Patricia A. Harris*

                              Patricia A. Harris
                              Lieutenant Colonel, JA
                              Criminal Law Division

Labrador, Rashonda M Mrs CIV USA TRADOC

| | |
|---|---|
| **From:** | Baldrate, Brian (USADC) [Brian.Baldrate@usdoj.gov] |
| **Sent:** | Thursday, April 10, 2008 1:17 PM |
| **To:** | Labrador, Rashonda M Mrs CIV USA TRADOC |
| **Subject:** | RE: Consent to Proceed Before a US Magistrate Judge |

Thanks. Nonconsent.


From: Labrador, Rashonda M Mrs CIV USA TRADOC [mailto:rashonda.labrador@us.army.mil]
Sent: Wednesday, April 09, 2008 3:01 PM
To: Baldrate, Brian (USADC)
Subject: Consent to Proceed Before a US Magistrate Judge


Sir,
Gamble has received documentation from the court stating that he has to receive consent
from all parties.  At this time, he is requesting acknowledgment of the status of your
consent.  You can contact him with the information below or send a reply by email of
consent or non-consent.

RaShonda Labrador, MS
Psychologist
P.O. Box 305
Ft. Sill, OK 73503
(580) 442-4313
DSN: 639-4313

1