# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FREDRICK M. GAMBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-0207 (ESH)** |
| | ) | |
| **DEPARTMENT OF THE ARMY AND,** | ) | |
| **ALASKA DEPARTMENT OF MILITARY** | ) | |
| **AND VETERAN AFFAIRS** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(e), federal Defendant United States Army, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's Complaint for failure to state a claim in which relief can be granted and lack of subject matter jurisdiction or in the alternative for a more definite statement. Plaintiff's complaint is so vague and ambiguous so as to deny defendant the opportunity to frame a responsive pleading.

In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities, a statement of material facts not in genuine dispute, and a proposed order.[1]

_____

[1] Plaintiff, pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should further take notice that any factual assertions contained in the affidavits and other attachments in support of Defendants' motion may be accepted by the Court as true unless Plaintiff submits her own affidavits or other documentary evidence contradicting the assertions in Defendants' attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s_____
BRIAN C. BALDRATE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Major Lanny J. Acosta, Jr.
U.S. Army Litigation Division
Arlington, VA 22203

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FREDRICK M. GAMBLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-0207 (ESH)** |
| ) | |
| **DEPARTMENT OF THE ARMY AND,** ) | |
| **ALASKA DEPARTMENT OF MILITARY** ) | |
| **AND VETERAN AFFAIRS** ) | |
| ) | |
| **Defendant.**[1] ) | |
| _____ ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT[2]

## I. INTRODUCTION

This case stems from the conviction at general court-martial of the Plaintiff while on active duty as an officer in the United States Army. Plaintiff, currently confined following his conviction by general-court martial, alleges that, in the course of the investigation leading to his conviction, the Alaska Army National Guard and Alaska National Guard Youth Corps released information from a 1994 investigation of the Plaintiff. Plaintiff, appearing here *pro se*, but

_____

[1] The Attorney General for the State of Alaska previously filed a Motion to Dismiss based on the Eleventh Amendment to the extent Plaintiff's claims are brought against the State of Alaska and its agencies. (R.# 8.) This motion, filed by the United States Army, only addresses claims against the United States Army and the other named defendants to the extent they are in a federal status and are acting as part of the United States Army.

[2] Plaintiff also purported to file a motion for summary judgment. (R.#10.) However, that motion did not contain a statement of material facts as required by LCvR 7(h) and as such is not a proper summary judgment motion. To the extent the Court accepts Plaintiff's summary judgment motion, Defendant requests that this motion be deemed an Opposition to Plaintiff's summary judgment motion as well.

represented by both military and civilian defense counsel during his court-martial, was found

guilty of various offenses by a general court-martial. Document 1-6, 20-24.[3] Plaintiff was

sentenced to two years confinement, forfeiture of all pay and allowances, and dismissal from the

service. Document 1-6, 24. Plaintiff alleges that the Alaska Army National Guard (AKARNG)

and the Alaska National Guard Youth Corps (AKNGYC) maintained a "secret file" related to his

alleged acts of misconduct since 1994. Document 1 at 3. In Plaintiff's Supplement to Petition for

Grant of Review, he alleges three violations of the Privacy Act, 5 U.S.C. § 552a. He alleges that

the Department of the Army, the Alaska Army National Guard (AKARNG) and the Alaska

National Guard Youth Corps (AKNGYC) violated 5 U.S.C. § 552a, subsections (b), (g)(1)(C),

and (g)(1)(D). The bulk of Plaintiff's complaint is concerned with issues unrelated to any alleged

improper disclosure of information. Plaintiff's 124 page complaint and 105 attached pages fail to

establish subject matter jurisdiction against the United States. The alleged acts of negligent

maintenance of records, improper and intentional release of records, committed, regardless of

whether or not they violate any provision of the Privacy Act, were performed by the State of

Alaska which is not subject to the Privacy Act.

     In the alternative, if this Court accepts Plaintiff's characterization of the Alaska

Department of Military Affairs, AKARNG, and AKNGYC as an "agency" for purposes of the

Privacy Act, Plaintiff fails to state a claim against the United States for which relief can be

granted. Plaintiff fails to allege that the "secret file" is a record maintained within a system of

records as defined by the Privacy Act. Additionally, Plaintiff's allegations are limited to

---

[3] Plaintiff's complaint and attachments comprise 229 pages of unnumbered paragraphs. Defendant will direct the Court and Plaintiff to the document number and page number in its citation to the complaint.

allegations of negative impact based upon the accuracy of the records and unauthorized

disclosure.   No adverse determination was made as a result of the information being provided;

rather, the adverse determinations of the court-martial were a direct result of Plaintiff's

conviction.  If the Alaskan defendants are indeed federal agencies, then they would fall within the

Department of Defense and any release would have been an intra-agency release in accordance

with 5 U.S.C. § 502a(b)(1) to a person with a need to know the information.  The intra-agency

release would be exempt from the requirement of request or consent of the Plaintiff.  To the

extent that the Plaintiff argues that the information provided by the AKARNG and AKNGYC was

incomplete or inaccurate, Plaintiff fails to establish any adverse determination based upon that

information.

 In the alternative, Plaintiff's complaint fails to comply with F.R.C.P. 8(a) and this Court

should order him to file a more definite statement.  The unnecessary inclusion of allegations

regarding the Plaintiff's court-martial[4] in his complaint will only serve to confuse all parties if

this Motion to Dismiss is not granted.

## II.  FACTS

In 1994, Plaintiff was employed by the State of Alaska in the Alaska National Guard

Youth Corps Program.  Document 1 at 3.  Following an investigation of the Plaintiff, he was fired

by the program.  Document 1 at 3.  Plaintiff further alleges that despite being subsequently

rehired, the Alaska Army National Guard and the Alaska National Guard Youth Corps maintained

a "secret file on the Plaintiff that was suppoes[ed] [sic] to destroyed."  Document 1 at 3-4.

---

[4] Plaintiff notes in Document 1-3 at 30, fn. 6 that he "will address with writs of habeas corpus to the federal courts an attack on his court-martial conviction," thus apparently limiting this complaint to a claim under the Privacy Act.

In 2006, while the Plaintiff was on active federal duty and deployed to Afghanistan, the Army initiated an investigation in accordance with Army Regulation 15-6 into allegations of sexual misconduct committed in 2006. Document 1-4 at 20. During the investigation, the Plaintiff alleges that he was informed by his commander that the commander had "heard the Plaintiff did similar things like this in the past, and that the Alaska National Guard Youth Corps was providing a file to the Alaska National Guard to send [to the commander] to be used against the Plaintiff in the Army Regulation (AR) 15-6 Investigation." Document 1-4 at 20. Plaintiff also alleges that the officer who conducted the investigation was informed by a witness interviewed in the course of the investigation that the witness was aware of an investigation of alleged sexual harassment committed by the Plaintiff while in Alaska. Document 1-3 at 26.

Following the investigation, Plaintiff was convicted of indecent assault and sexual harassment of both enlisted and officer subordinates. Plaintiff was convicted pursuant to his pleas of two counts of violating a lawful general order, two counts of adultery, and one count of fraternization. Document 1-6 at 20-24. A panel of officers sitting as a general court-martial convicted appellant, contrary to his pleas of maltreatment of a subordinate, conduct unbecoming an officer and a gentleman, indecent assault, indecent language, and conduct prejudicial to good order and discipline. Document 1-6 at 20-24. Plaintiff was sentenced to two years confinement, forfeiture of all pay and allowances, and dismissal from the service. Document 1-6, 24.

Plaintiff admits that the information from the "secret file" was suppressed upon his defense counsel's motion during his court-martial. Document 1 at 4, 20. Subsequent to his conviction, Plaintiff appealed his conviction to the Army Court of Criminal Appeals which

4

affirmed his conviction on October 16, 2007.[5]  Additionally, Plaintiff's habeas petition to the

Army Court of Criminal Appeals was denied on November 13, 2007.  Document 1 at 9.

### III.  STANDARD OF REVIEW FOR MOTION TO DISMISS

#### A.    Motion to Dismiss Pursuant to FRCP 12(b)(1).

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Plaintiff

bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.

McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).  The court

must accept as true all well-pleaded undisputed factual allegations and draw all reasonable

inferences in favor of the plaintiff.  Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999),

*aff'd*, 38 F. App'x 4 (D.C. Cir. 2002).  The court need not, however, accept inferences

unsupported by the facts alleged or legal conclusions that are cast as factual allegations.

Sadowski v. Bush, 293 F. Supp. 2d 15, 17 (D.D.C. 2003) (citations omitted).  And the court is not

limited to the allegations of the complaint in deciding a Rule 12(b)(1) motion.  Hohri v. United

States, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).

Instead, the court, where necessary, may consider the complaint supplemented by undisputed

facts along with the court's resolution of disputed facts to determine whether it has jurisdiction

over the case.  Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

It is well established that the United States cannot be sued without its consent.  "[A]

sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be

sued in any court define that court's jurisdiction to entertain that suit."  United States v. Mitchell,

---

[5] Plaintiff's petition for grant of review was denied without opinion by the Court of Appeals for the Armed Forces on February 19, 2008, two weeks after the filing of the present complaint.  U.S. v. Gamble, 2008 CAAF LEXIS 216 (Feb. 19, 2008).

445 U.S. 535, 538 (1980) (citation omitted); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1975); <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941).  Only Congress can waive the sovereign immunity of the United States.  <u>Block v. North Dakota</u>, 461 U.S. 273 (1983).  These waivers of sovereign immunity are strictly construed, cannot be implied, and must be unequivocally expressed.  <u>Library of Congress v. Shaw</u>, 478 U.S. 310 (1986); <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>McMahon v. United States</u>, 342 U.S. 25 (1951).  In addition, such statutory waivers "are to be construed strictly in favor of the sovereign."  <u>McMahon v. United States</u>, 342 U.S. 25, 27 (1951) (footnote omitted).

**B.    Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see also</u> <u>In re Sealed Case</u>, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing <u>Twombly</u>);

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  <u>Barr v. Clinton</u>, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing <u>Kowal v. MCI Commc'ns Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint.  <u>Kowal</u>, 16 F.3d at 1276.  Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations."  <u>Id.</u>

In <u>Erickson v. Pardus</u>, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007), the Supreme Court noted

6

the long established admonition that *pro se* complaints are "liberally construed," but it bears

noting that its reversal of the dismissal of the complaint at issue was fully consistent with the

<u>Twombly</u> standard because the complaint included factual allegations describing the prison's

termination of plaintiff's treatment for hepatitis. <u>See id.</u> at 2200.[6]  Even under a liberal

construction, therefore, it does not suffice for a complaint to rely on conclusory allegations or to

raise only a "suspicion" of wrongdoing, <u>Twombly</u>, 127 S. Ct. at 1965.  The complaint must give

notice of the factual basis for the relief sought.

## IV.  ARGUMENT

Plaintiff alleges the improper disclosure of information, by the AKARNG and the

AKNGYC to the command, and by the command to the members of his unit in violation of 5

U.S.C. § 552a(b).  Plaintiff also alleges that an adverse determination was made based upon an

inaccurate, incomplete, and untimely record maintained by the AKARNG and the AKNGYC in

violation of 5 U.S.C. § 552a(g)(1)(C).  Finally Plaintiff alleges that Defendants violated 5 U.S.C.

§ 552a(g)(1)(D) by failing to comply with some portion of the Privacy Act in such a way as to

have an adverse effect on the individual.

---

[6] Furthermore, the crux of the holding was the circuit court's erroneous requirements
regarding pleading the particulars of the harm resulting from the conduct alleged.

> It may in the final analysis be shown that the District Court was correct to grant
> respondents' motion to dismiss.  That is not the issue here, however.  It was error for the
> Court of Appeals to conclude that the allegations in question, concerning *harm* caused
> petitioner by the termination of his medication, were too conclusory to establish for
> pleading purposes that petitioner had suffered "a cognizable independent harm" as a
> result of his removal from the hepatitis C treatment program.

<u>Id.</u> at 2199-2200 (emphasis added).  Hence, <u>Twombly</u>'s focus on the complaint is equally
applicable to a *pro se* complaint, although the inferences drawn from the complaint's factual
allegations are subject to a liberal construction.

A.    **The Disclosure of Information From Alaska to Plaintiff's Command**

1.    Plaintiff Fails to Establish Subject Matter Jurisdiction

a.    The Privacy Act's Limited Waiver of Sovereign Immunity

The Privacy Act states that:

> No *agency* shall disclose any record which is contained in a system of records by any means of communication to any person…except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains, [absent 12 listed statutory exceptions].  5 U.S.C. § 552a(b) (emphasis added).

By definition, the Privacy Act applies only to federal agencies and does not apply to state agencies and officials.  *See, e.g.*, Pennyfeather v. Tessler, 431 F.3d 54, 56 n. 1. (2d Cir. 2005). The Privacy Act contains no waiver of sovereign immunity for acts committed by a state or local agency.[7]  Therefore, in order to prove a violation of the Privacy Act, Plaintiff must first show that an *agency* subject to the Privacy Act made an improper disclosure.

The Privacy Act adopts the definition of "agency" used in the Freedom of Information Act (FOIA), 5 U.S.C. §552(f), which incorporates the definition within the Administrative Procedure Act (APA).  5 U.S.C. § 552a(a).  The APA restricts the definition of "agency" to "each authority of the Government of the United States, whether or not it is within or subject to review by another agency,…"  5 U.S.C. § 551(1) .  Thus, the FOIA definition rests within the limits of APA definition of "agency" defined as:

> any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any

---

[7] Moreover, actions against a state agency may implicate the Eleventh Amendment. *See* United States ex rel. Long v. SCS Bus. & Tech. Inst., Inc., 173 F.3d 890, 895 (D.C. Cir. 1999) (determining whether a state agency is an arm of the state for Eleventh Amendment purposes involves an analysis of the state law provisions that define the agency's character).

independent regulatory agency.

5 U.S.C. § 552(f).

        b.  Status of State National Guard Units

        "The National Guard is the modern Militia reserved to the states by Art. I § 8, cl.

15, 16 of the Constitution."  Illinois Nat'l Guard v. Fed. Labor Relations Auth., 854 F.2d 1396,

1397-98 (D.C. Cir. 1988) (quoting  Maryland v. United States, 381 U.S. 41, 46 (1965)).   While

the Privacy Act definition of "agency" includes "military departments," State National Guards,

such as the Alaska Army National Guard, do not fall within this definition.  Title 5 defines

"military departments" as the Department of the Army, the Department of the Navy, and the

Department of the Air Force.  5 U.S.C. § 102; *see also* 10 U.S.C. § 101(a)(8).  "Military

department" is further defined as "the executive part of the department and all field headquarters,

forces, reserve components, installations, activities, and functions under the control or supervision

of the Secretary of the department."  10 U.S.C. § 101(a)(6).  The "reserve components" consist in

part of Army National Guard of the United States (ARNGUS).  10 U.S.C. § 10101(a).  The

ARNGUS is defined in several code sections as "the reserve component of the Army all of whose

members are members of the national guard."  10 U.S.C. § 101 (c)(3); 32 U.S.C. § 101(5).  10

U.S.C. § 10107  states: "[w]hen not on active duty, members of the Army National Guard of the

United States shall be administered, armed, equipped, and trained in their status as members of

the Army National Guard."  10 U.S.C. § 10107.  Additionally, "the Army National Guard while

in the service of the United States is a component of the Army."  10 U.S.C. § 10106.  "Members

of the Army National Guard of the United States...are not in active Federal service except when

ordered thereto under law."  10 U.S.C. § 12401.  These statutory distinctions define the difference

9

in the "'two overlapping but distinct organizations'...the National Guard of the various States and the National Guard of the United States." Perpich v. Department of Defense, 496 U.S. 334, 345 (1990). State National Guard units only serve in the federal military when they are federalized or formally called up for federal military service.

These statutory distinctions make it clear that the Alaska National Guard, as a unit, when not on active duty, is not a part of the ARNGUS. What these statutes do not provide is an unequivocal statutory waiver of sovereign immunity required to bring suit against the United States. Library of Congress v. Shaw, 478 U.S. 310 (1986); United States v. Mitchell, 445 U.S. 535, 538 (1980); McMahon v. United States, 342 U.S. 25 (1951). Accordingly, the Alaska Army National Guard and Alaska National Guard Youth Corps do not meet the definition of a federal agency and the United States is not liable for any alleged violations of the Privacy Act committed by the state.

c. The Alaska Department of Military and Veteran's Affairs is a State Entity

The AKARNG and AKNGYP, as part of the Alaska Department of Military and Veteran's Affairs is controlled by and subject to the laws of the State of Alaska and in this capacity cannot be considered a federal agency subject to the jurisdiction of the District Court under the Privacy Act. The AKARNG, a subordinate entity of the Alaska Military Department, is formed and administered pursuant to Alaska state statutes. See generally Alaska Stat. § 26.05.010 (2008). Control of the Alaska National Guard when not on active federal status is vested in the Governor and exercised through the adjutant general. Alaska Stat. §§ 25.05.060, 26.05.170 (2008). Therefore the actual authority to conduct the day-to-day organization, administration, and governance of the National Guard is the responsibility of the Governor and the state adjutant

10

general, not the Department of the Army or the federal Government.  Accordingly, Plaintiff fails

to establish subject matter jurisdiction against the federal defendant for any acts performed by the

State of Alaska.

      2.   <u>In the Alternative, Plaintiff Fails to State a Claim for Which Relief Can Be</u>
<u>Granted</u>

      If the Court finds that the Alaska Army National Guard and the Alaska National Guard

Youth Program are federal agencies for purposes of the Privacy Act, Plaintiff fails to state a claim

for which relief can be granted.

      Plaintiff's main allegation is that the AKARNG and the AKNGYC disclosed information

to the Plaintiff's command for use against him in his court-martial allegedly in violation of 5

U.S.C. 552a(b).  Document 1-4 at 20.  Plaintiff fails to allege that any disclosure of information

from the AKARNG and AKNGYC were disclosures of a record from a system of records.  In

order to allege an improper disclosure under the Privacy Act, there must be a record and the

record must be maintained in a "system of records" —  meaning the documents are filed and

retrieved based on a personal identifier, such as an individual's social security number.  5 U.S.C.

§ 552a(a)(5).  To establish a claim under the Privacy Act, Plaintiff must establish the threshold

requirement that a system of records exists for the requested record.  <u>Henke v. United States</u>

<u>DOC</u>, 83 F.3d 1453, 145,(D.C. Cir. 1996); <u>Chang v. United States Navy</u>, 314 F. Supp. 2d 35, 40

(D.D.C. 2004) (determining that a system of records exists from which document at issue is

retrieved is prerequisite to a substantive Privacy Act claim) (citing <u>Henke</u> at 1459); <u>see</u> <u>also</u>

<u>Beaulieu v. IRS</u>, 865 F.2d 1351, 1352 (1st Cir. 1989) (finding the "whole substance of the statute

[Privacy Act]" is that information must come from a system of records).  Plaintiff alleges no such

retrieval.   Plaintiff's own pleading reveals that his own review of his personnel file did not locate

the "secret file." Document 1 at 18. Additionally, Plaintiff alleges a Privacy Act violation based on the statement of a witness interviewed in the course of the 2006 investigation that the "knew of a sexual harassment investigation back in Alaska" reveals that the defendants violated the Privacy Act. Document 1-3 at 88. Plaintiff's complaint consists of precisely the "labels and conclusions, and a formulaic recitation of the elements of a cause of action" that the Twombly court stated "will not do." Twombly, 127 S. Ct. at 1964.

When federalized, AKARNG and the AKNGYC are part of the Department of Defense, the intra-agency disclosure of the record was made to an individual with a "need to know" in order to conduct his official duties in accordance with 5 U.S.C. § 552a(b)(1). To argue to the contrary, Plaintiff would have to assert that the commander, charged with ensuring good order and discipline in his unit, had no right to know of the disciplinary history of a member of his unit currently under investigation. See e.g., Bigelow v. DOD, 217 F. 3d 875 (D.C. Cir. 2000).

Plaintiff's allegation that the Defendant violated 5 U.S.C. § 552a(g)(1)(C) also fails to state a claim for which relief can be granted. Plaintiff alleges that the information maintained by the AKARNG and AKNGYC was inaccurate and incomplete and that, as a result of its consideration, an adverse decision was made. Document 1 at 4, Document 1-5 at 5. Plaintiff's Complaint reveals that he was not charged with any misconduct as a result of the command's receipt of the information and that the information was not used at trial. Document 1 at 4; Document 1-6 at 20-24. Thus, Plaintiff fails to allege that any adverse determination was made based upon the record. 5 U.S.C. § 552a(g)(1)(C). Despite asserting a claim under the "catch-all" provision of 5 U.S.C. §552a(g)(1)(D), Plaintiff fails to identify either the failure to comply with the Privacy Act or the adverse effect resulting from the non-alleged violation. Plaintiff

12

acknowledges that he plead guilty to certain charges but claims that this was based on "an

improper legal standard." Document 1-4 at 17. The "cumulative adverse impact" alleged by

Plaintiff in his complaint focuses entirely on allegations of unlawful command influence[8] and

legal errors at his court-martial, and does not state a claim for which relief can be granted.

Document 1-4 at 17-21.[9]

      **B.**     **<u>Alleged Disclosure by Plaintiff's Command</u>**

Plaintiff alleges that his command disclosed information regarding the 2006 investigation

during core staff meetings and "town hall meetings." Document l-2 at 28-29. Plaintiff alleges

that the commander made statements regarding the 2006 investigation and expressed his regret at

the action required because of the actions of the Plaintiff. Document 1-2 at 29-30. These

allegations fail to state a claim in that they are not disclosures of a record from a system of

records. Plaintiff's legal conclusion that these statements violate the Privacy Act fail to meet

<u>Twombly</u> and allege elements necessary to state a claim for which relief can be granted.

<u>Twombly</u>, 127 S. Ct. at 1964.

      **C.**     **<u>In the Alternative, The Court Should Order Plaintiff To Provide A More Definite Statement</u>**

Under the Federal Rules of Civil Procedure, the principal function of the complaint is to

give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the

---

[8] Unlawful command influence is defined generally as an unauthorized attempt to influence the action or outcome of a court-martial or military tribunal. Manual for Courts-Martial, United States, R.C.M. 104 (2008).

[9] Of course, o recover damages, Plaintiff would need to show any alleged disclosure was intentional or willful. 5 U.S.C. § 552(a)(g)(4); <u>Hill v. United States Air Force</u>, 795 F.2d 1067, 1070 (D.C. Cir. 1986) (per curiam) (no damages where no evidence of conduct greater than gross negligence).

13

opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977)(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in the federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Rather than comply with the requirements of Rule 8(a), Plaintiff provides 229 pages of un-numbered paragraphs mainly concerned with the conduct of his court-martial and interspersed with vague allegations of Privacy Act violations.  See generally Complaint.  The reader is for the most part forced to draw its own conclusions regarding what claims Plaintiff may be asserting and the bases upon which his claims rest.  The complaint is a recitation of various allegations focused almost exclusively on allegations of unlawful command influence in the Plaintiff's court-martial, matters clearly not subject to review under the Privacy Act.  This is not a "short and plain statement of the claim" required by Rule 8(a).  Plaintiff's pleading fails to provide Defendant with clear and adequate notice of the facts or law allegedly at issue.  See Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000)(under Rule 8, Plaintiff is required to give the Defendant fair notice of each claim and its basis.)(citations omitted).  Neither Defendant, nor the Court, should be forced to guess what claims are asserted, nor should Defendant risk waiving defenses if it cannot properly guess what claims Plaintiff intends to pursue.

14

## V.  **CONCLUSION**

Plaintiff's Privacy Act complaint fails to establish subject matter jurisdiction against the federal defendant because the alleged disclosure was made by a state agency not subject to the Privacy Act and for which the United States has not waived sovereign immunity.  Alternatively, the complaint is defective because even read in the light most favorable to Plaintiff, he fails to state a claim.  Thus, Defendant is entitled to a dismissal of this action for Plaintiff's failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12 (b)(6), or alternatively, for a more definite statement.  For the foregoing reasons, Defendant  respectfully request that this Court dismiss Plaintiff's Privacy Act complaint with prejudice or order Plaintiff to provide a more definite statement.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s_____
BRIAN BALDRATE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
 Washington, D.C.  20530
 (202) 353-9895

Of Counsel:
Major Lanny J. Acosta, Jr.
U.S. Army Litigation Division
Arlington, VA 22203

15

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing has been served by First-Class Mail, postage

paid to:

FREDERICK M. GAMBLE (Plaintiff)
Regional Confinement Facility
1490 Randolph Road
Fort Sill, OK 73503

on this _____ day of May, 2008.


                            _____/s/_____
                            BRIAN C. BALDRATE
                            Special Assistant United States Attorney
                            Civil Division
                            555 Fourth St., N.W.
                            Washington, D.C.  20530
                            202-353-9895  / FAX 202-514-8780

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREDRICK M. GAMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 08-0207 (ESH) |
| | ) |
| DEPARTMENT OF THE ARMY AND, | ) |
| ALASKA DEPARTMENT OF MILITARY | ) |
| AND VETERAN AFFAIRS | ) |
| | ) |
| Defendants. | ) |
| ——————————————————— | ) |

<u>**ORDER**</u>

Upon consideration of Defendant's Motion to Dismiss, or in the alternative for a More

Definite Statement, and the opposition thereto, and the Court having considered the entire record

herein, it is, this _____ day of _____, 2008,

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendant, and that this matter is

hereby DISMISSED WITH PREJUDICE.

This is a final, appealable order.

Dated this _____ day of _____, 2008.


_____
Ellen S. Huvelle
United States District Judge

Copies to:
Defendant via ECF and Plaintiff via first class mail.