TALIS J. COLBERG
ATTORNEY GENERAL

Rebecca H. Cain
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501

Attorney for State Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREDRICK M. GAMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-00207 ESH |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF THE ARMY, ALASKA DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, ALASKA ARMY NATIONAL GUARD and THE ALASKA NATIONAL GUARD YOUTH CORPS, | ) ) ) ) ) ) ) | **REPLY TO OPPOSITION TO THE STATE OF ALASKA'S MOTION TO DISMISS** |
| Defendant. | ) ) | |

### I. INTRODUCTION

The State of Alaska moved to dismiss Plaintiff, Fredrick Gamble's claims against the Alaska Department of Military and Veterans Affairs, the Alaska National Guard, and the Alaska National Guard Youth Corps arising from their role as agencies of the State of Alaska under the Eleventh Amendment of the United States Constitution. Mr. Gamble has opposed the State's motion. In his opposition, Mr. Gamble argues that

the Eleventh Amendment does not bar his claims because Congress abrogated state sovereign immunity when it enacted the Privacy Act of 1974 or alternatively that the State of Alaska has waived its immunity by agreeing to follow federal laws and regulations concerning its national guard and participating in his court martial. Finally, he cites a variety of other legal authorities apparently for the proposition that states may be sued in federal court regardless of the existence of the Eleventh Amendment.[1]

Neither Mr. Gamble's arguments concerning abrogation nor his arguments about waiver are availing and the other legal authorities he cites do not apply to the types of claims he has asserted against the State of Alaska defendants. Mr. Gamble's claims against the Alaska Department of Military and Veterans Affairs, the Alaska National Guard, and the Alaska National Guard Youth Corps,[2] to the extent they arise from their activities as agencies of the State of Alaska, are barred by the Eleventh Amendment and must be dismissed.

II. **ARGUMENT**

A. **Congress Did Not Abrogate State Eleventh Amendment Immunity When It Enacted The Privacy Act Of 1974.**

---

[1] Mr. Gamble has also attached another 50 page motion and a 33 page exhibit to his opposition that appears to be seeking habeas relief from this Court. Because Mr. Gamble is not in the custody of the State of Alaska and the relief sought is outside the scope of the state's motion to dismiss and Mr. Gamble's complaint, this second motion, attached to Mr. Gamble's opposition is not addressed in this reply.

[2] These entities will be collectively referred to as "State Defendants" for the remainder of this reply.

The Eleventh Amendment of the United States Constitution limits the judicial power of federal courts over suits against states.[3] Under this amendment, a state may not be sued in federal court for legal or equitable relief without the state's consent or the express intent of Congress to abrogate the state's immunity from a particular type of suit.[4] This constitutionally protected immunity bars claims not only against states themselves but also their agencies.[5]

Given the importance of states' immunity in the balance between federal and state interests, the test for determining whether Congress has deliberately abrogated the states' sovereign immunity is a simple but rigorous one. The United States Supreme Court has made clear that Congressional intent to abrogate Eleventh Amendment Immunity should only be found where "Congress unequivocally expresses its intention to abrogate the Eleventh Amendment bar to suits against the States in federal court."[6]

In his opposition, Mr. Gamble asserts that Congress intended to abrogate states' Eleventh Amendment immunity when it passed the Privacy Act of 1974[7] because it included "military departments" within the definition of "agency" found in the Privacy

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[4] *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984).

[5] *Id.* at 100.

[6] *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242 (1985) citing *Pennhurst*, 465 U.S. at 99 and *Quern v. Jordan*, 440 U.S. 332, 342-45 (1979).

[7] 5 U.S.C. §552a.

Reply to Opposition to
Motion to Dismiss
*Gamble v. State*
Case No. 1:08-cv-00207
Page 3 of 8

Act. He argues that because states have national guards and the Privacy Act includes "military departments" within the agencies covered, Congress must have intended to abrogate state Eleventh Amendment immunity when it enacted the Privacy Act.

But even if the Court were to accept Mr. Gamble's initial premise that the Privacy Act applies to state agencies, a contention that is not supported by either the text of the Privacy Act or its legislative history,[8] Mr. Gamble has still failed to show that Congress intended to abrogate states' Eleventh Amendment immunity. In order to abrogate state sovereign immunity Congress must make that intent "unmistakably clear in the language of the statute."[9] The text of the Privacy Act makes no such declaration. Accordingly, Mr. Gamble's assertion that State Defendants should not be dismissed because Congress abrogated states' Eleventh Amendment immunity when it passed the Privacy Act fails.

> **B.   The State Defendants Did Not Waive Their Eleventh Amendment Immunity By Agreeing To Follow Federal Laws Concerning The National Guard Or Cooperating With the United States Army During Mr. Gamble's Court Martial.**

Like the test for determining whether Congress intended to abrogate state sovereign immunity under the Eleventh Amendment, the inquiry into whether a state has

---

[8] See 5 U.S.C. § 552(f) and 5 U.S.C. §551(1); see also *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983).

[9] *Id.*

waived its immunity is similarly stringent.[10] Under this test, courts will find that a state has waived its sovereign immunity only where the state has stated its intention "by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction."[11]

Mr. Gamble does not dispute that the State Defendants have not expressly waived their Eleventh Amendment immunity but argues that they constructively waived this immunity when they agreed to obey federal laws and regulations concerning the National Guard and cooperated with the United States in his court martial. It is well established, however, that state participation in a federal program, acceptance of federal funding, and even agreement to obey federal laws is insufficient to waive the protection of the Eleventh Amendment.[12] Only where a state has stated its intention "by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction" will it be deemed to have waived its immunity under the Eleventh Amendment.[13] Thus, Mr. Gamble's argument that the State Defendants waived their Eleventh Amendment immunity fails.

---

[10] *Barbour v. Washington Metro. Area Transit Auth.*, 374 F.3d 1161, 1163 (D.C. Cir. 2004).

[11] *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909).

[12] *Florida Department of Health and Rehabilitative Services, v. Florida Nursing Home Assn.*, 450 U.S. 147, 149-50 (1981); quoting *Edelman*, 415 U.S. at 673. See also *Knutson v. Wisconsin Air Nat'l Guard*, 995 F.2d 765, 767-68 (7th Cir. 1993) holding that state national guard is not converted into a federal entity merely because it is subject to federal rules and regulations.

[13] *Edelman*, 415 U.S. at 673.

Reply to Opposition to
Motion to Dismiss
*Gamble v. State*
Case No. 1:08-cv-00207
Page 5 of 8

### C. The Other Cases And Legal Authorities That Mr. Gamble Cites Do Not Apply To The Claims He Raises In His Complaint.

In addition to his arguments that Congress abrogated state sovereign immunity when it enacted the Privacy Act or that the State Defendants waived their sovereign immunity, Mr. Gamble's opposition cites several other legal authorities apparently for the proposition that states may be sued in federal court despite the existence of the Eleventh Amendment.[14] Most of these authorities concern types of claims and immunities held by federal actors and are thus not relevant here.[15] However, Mr. Gamble also references 42 U.S.C. § 1983[16] and the ability to bring a federal lawsuit against state employees in their personal capacity without offending the Eleventh Amendment.[17] While 42 U.S.C. § 1983 provides a federal forum for plaintiffs to sue for violation of their federal rights by individuals acting under color of state law, it specifically does not apply to states, their agencies, or their employees when sued in their official capacity.[18] Mr. Gamble's lawsuit identifies the Alaska Department of Military and Veterans Affairs, the Alaska National Guard, and the Alaska National Guard Youth Corps as the only possible state defendants. Accordingly, neither 42 U.S.C. § 1983 nor

---

[14] *See e.g.*, Plaintiff's Opposition at 15-16, 18.
[15] *See Id.* at 6-8, 14-15.
[16] *Id.* at 15. No 42 U.S.C. § 1983 claims were raised in Mr. Gamble's complaint.
[17] *Id.* at 16, 18.
[18] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). It is possible to sue state officials in their official capacity for injunctive relief under 42 U.S.C. § 1983 without offending the Eleventh Amendment but Mr. Gamble has not sued any state officials and, even if he had, he is not seeking any injunctive relief from the State Defendants.

the United States Supreme Court's decision in *Scheuer v. Rhodes*[19] cited by Mr. Gamble in his opposition apply to his claims.

### III. CONCLUSION.

Mr. Gamble's claims against the Alaska Department of Military and Veterans Affairs, the Alaska National Guard, and the Alaska National Guard Youth Corps, to the extent they arise from their activities as agencies of the State of Alaska, are barred by the Eleventh Amendment and must be dismissed.

DATED this 23rd day of May, 2008, at Anchorage, Alaska.

                TALIS J. COLBERG
                ATTORNEY GENERAL

By:  s/ Rebecca H. Cain
      Assistant Attorney General
      Office of the Attorney General
      1031 W. 4th Ave., Ste. 200
      Anchorage, AK 99501
      Phone: (907) 269-5190
      Fax:  (907) 258-0760
      Rebecca.Cain@alaska.gov
      Alaska Bar No. 9811056

---

[19] 416 U.S. 232 (1974).

CERTIFICATE OF SERVICE

This is to certify that on this date,
a copy of the foregoing
Reply to Opposition to Motion to Dismiss
is being served via first class mail on:

Fredrick M. Gamble
Regional Confinement Facility
1490 Randolph Road
Fort Sill, OK 73503

Via ECF:

Brian Christopher Baldrate
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530

s/ Rebecca H. Cain          5/23/08