UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| FREDERICK M. GAMBLE | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-207 (ESH) |
| DEPARTMENT OF THE ARMY, ALASKA DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, ALASKA ARMY NATIONAL GUARD, and the ALASKA NATIONAL GUARD YOUTH CORPS, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff is a member of the Alaska National Guard who was court-martialed for various offenses and convicted on January 11, 2007. (Compl. 1.) Plaintiff alleges that his court-martial was the result of defendants' improper release of false information about him, in violation of the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a .[1] The State of Alaska moves to dismiss plaintiff's claims against the Alaska Department of Military and Veterans Affairs, the Alaska Army National Guard, and the Alaska National Guard Youth Corps under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the claims are barred by the Eleventh Amendment of the United States Constitution.

Plaintiff contends that the Alaska National Guard is not protected by state sovereign

---

[1] Plaintiff also raised a Freedom of Information Act ("FOIA") claim for the first time in his summary judgment motion. Because this claim is not in his original complaint and plaintiff failed to amend his complaint as required by Fed. R. Civ. P. 15(a), the Court will not consider his FOIA claim.

immunity because it is "not strictly a State entity, but is also [a] Federal entity." (Pl.'s Opp'n 5.) However, plaintiff's suit is barred by the *Feres* doctrine[2] if the Alaska National Guard is viewed as a federal entity, and it is barred by the Eleventh Amendment if it is viewed as a state entity. *See Day v. Mass. Air Nat'l Guard*, 167 F.3d 678, 686 (1st Cir. 1999) ("It does not matter whether the Massachusetts National Guard is viewed as a federal or state entity. *See generally Bowen v. Oistead*, 125 F.3d 800, 804-05 (9th Cir.1997). If federal, *Feres* applies; if not, damage claims against it in federal court are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978)."). Therefore, plaintiff's suit is barred unless Congress abrogated state sovereign immunity when it enacted the Privacy Act, or Alaska waived its immunity.

Neither abrogation nor waiver has occurred in this case. Abrogation requires an "unequivocal expression of congressional intent." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Courts have already determined that the Privacy Act lacks any manifestation of such intent. *See, e.g.*, *Lawson v. Shelby County*, 211 F.3d 331, 334-35 (6th Cir. 2000) ("Congress never expressly abrogated state sovereign immunity under the Privacy Act."). Likewise, waiver requires either "the most express language" or "overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (internal quotations and citations omitted). Plaintiff argues that Alaska waived its sovereign immunity when it "willfully participated as a federal agency" in his court-martial. (Pl.'s Opp'n 11.) However, a state's cooperation in a

---

[2]The *Feres* doctrine limits the ability of armed services personnel to obtain damages from the federal government for activities "incident to service." *Feres v. U.S.*, 340 U.S. 135, 141 (1950). This Court has held that the *Feres* doctrine applies to the Privacy Act. *See Cummings v. Dep't of the Navy*, 116 F. Supp. 2d 76, 82 (D.D.C. 2000).

federal proceeding does not constitute a waiver of its sovereign immunity. *See Edelman*, 415 U.S. at 673.

Therefore, for the foregoing reasons, defendants' Motion to Dismiss for Lack of Jurisdiction [Dkt. #8] is granted. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 4, 2008