TALIS J. COLBERG
ATTORNEY GENERAL

Rebecca H. Cain
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREDRICK M. GAMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-00207 ESH |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| ALASKA DEPARTMENT OF | ) | |
| MILITARY AND VETERANS | ) | |
| AFFAIRS, ALASKA ARMY | ) | |
| NATIONAL GUARD and THE | ) | |
| ALASKA NATIONAL GUARD | ) | |
| YOUTH CORPS, | ) | **OPPOSITION TO MOTION TO** |
| | ) | **AMEND COMPLAINT** |
| Defendant. | ) | |
| | ) | |

On June 4, 2008, this Court dismissed Plaintiff, Frederick Gamble's claims

against Defendants State of Alaska, Alaska Department of Military and Veteran's

Affairs, Alaska Army National Guard, and Alaska National Guard Youth Corps.[1]  The

Court dismissed these claims because, to the extent that these defendants are state

---

[1]    For the rest of this opposition these defendants will simply be referred to collectively as "the State defendants."

agencies, the Eleventh Amendment of the United States Constitution prevents Mr.

Gamble from suing them in federal court.[2]  Mr. Gamble now moves under Federal Rule

of Civil Procedure 15(a) to amend his complaint in hopes of resurrecting these claims.[3]

Because the amended complaint that Mr. Gamble proposes would also be

subject to dismissal, his request to amend his complaint should be denied.

I.      **MR. GAMBLE'S PROPOSED AMENDMENTS WOULD NOT CURE THE JURSIDICTIONAL DEFECTS IN HIS CLAIMS AGAINST THE STATE DEFENDANTS THAT REQUIRED DISMISSAL OF HIS ORIGINAL COMPLAINT.**

Ordinarily under Federal Rule of Civil Procedure 15(a) a plaintiff may

amend his complaint once without the Court's permission so long as he does so before

the defendant has filed a responsive pleading.[4]  Where, as here, however, the plaintiff

moves to amend after the Court has granted a motion dismissing all of his claims against

a defendant, he must obtain the Court's permission to amend his complaint.[5]  Although

leave to amend is freely given in the Court's discretion where justice so requires, where

such amendments would be futile, leave to amend should be denied.[6]

---

[2]      Memorandum Opinion dated June 4, 2008.

[3]      *See* Amendment of Pleading at 1-3; Complaint dated April 15, 2008.

[4]      Fed. R. Civ. P. 15(a).

[5]      *Cassell v. Michaux*, 240 F.2d 406, 408 (D.C. Cir. 1956); *Nattah v. Bush*, 541 F. Supp. 2d 223, 228-29 (D.D.C. 2008).

[6]      *Nattah*, 541 F.Supp.2d at 229.

Leave to amend is futile where the amendments would not survive a motion to dismiss.[7]

Mr. Gamble's amended complaint primarily re-asserts the very same claims that the Court previously dismissed on Eleventh Amendment grounds.[8]  As there has been no intervening change in the law or the facts between the entry of the Court's order and Mr. Gamble's move to amend, merely re-asserting these claims in an amended complaint cannot breathe new life into them following the Court's dismissal.[9]

The only new allegation that Mr. Gamble has added in his amended complaint is a claim for alleged violations of the Freedom of Information Act, (FOIA) by the State defendants.[10]  But, as with the claims in his original complaint, he has failed to demonstrate anywhere in his motion to amend that the State of Alaska has waived its Eleventh Amendment immunity for claims brought under FOIA or that Congress has unequivocally expressed its intention to abrogate states' sovereign immunity for claims brought under FOIA in federal court.[11]  Mr. Gamble could not possibly show this, as

---

[7]     *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  *see also* 3 MOORE'S FEDERAL PRACTICE § 15.15[3] (3d ed. 2000) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.")

[8]     Complaint dated April 15, 2008 at 1, 3, 19-29.

[9]     *See e.g.*, *Nattah*, 541 F.Supp.2d at 229.

[10]     Complaint dated April 15, 2008 at 2.

[11]     *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984).  *See also Martinson v. DEA*, 1997 WL 634559 at 1 (D.C. Cir. 1997) (unpublished decision finding that FOIA does not apply to state agencies and even if FOIA did apply, the Eleventh Amendment would prevent a plaintiff from bringing a FOIA claim in federal court against a state agency).

FOIA does not even apply to state agencies.[12]   Thus, the amendments that Mr. Gamble

proposes suffer from the same jurisdictional problems as those in his original complaint

and would not survive a motion to dismiss.   Allowing Mr. Gamble to amend his

complaint would be futile.[13]   Accordingly, his request to amend his complaint should be

denied.

### II.   CONCLUSION.

Mr. Gamble's amended complaint presents the same jurisdictional

problems as his original complaint.  The allegations in the amended complaint against the

State defendants would not survive a motion to dismiss.   Because his proposed

amendments would be futile, his request to amend his complaint should be denied.

DATED this 16th day of July, 2008, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By:    s/ Rebecca H. Cain
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5190
       Fax:    (907) 258-0760
       Rebecca.Cain@alaska.gov
       Alaska Bar No. 9811056

---

[12]     *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2nd Cir. 1999)
("Despite HUD's contention to the contrary, it is beyond question that FOIA applies only
to federal and not to state agencies.")(citations omitted).  *See also* Marjorie A. Shields,
Annotation, *What Constitutes "Agency" for Purposes of Freedom of Information Act (5
U.S.C.A. § 552)*, 165 A.L.R. Fed. 591 (2005).
[13]     *James Madison Ltd.*, 82 F.3d at 1099.

CERTIFICATE OF SERVICE

This is to certify that on this date,
a copy of the foregoing
Opposition to Motion to Amend
is being served via first class mail on:

Fredrick M. Gamble
Regional Confinement Facility
1490 Randolph Road
Fort Sill, OK 73503

Via ECF:

Lanny J. Acosta, Jr.
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530


s/ Rebecca H. Cain


Opposition to Motion to Amend
*Gamble v. State*
Case No. 1:08-cv-00207
Page 5 of 5