UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDRICK M. GAMBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0207 (ESH) |
| ) | |
| DEPARTMENT OF THE ARMY AND, ) | |
| ALASKA DEPARTMENT OF MILITARY ) | |
| AND VETERAN AFFAIRS ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**I. INTRODUCTION**

Federal Defendant hereby files this reply to Plaintiff's Opposition to Federal Defendant's Motion to Dismiss. Plaintiff's opposition repeats the same arguments and facts alleged in his complaint and fails to overcome the jurisdictional bars to his claim or to state a claim upon which relief can be granted. None of Plaintiff's arguments establish a waiver of federal sovereign immunity for State actions under the Privacy Act. Plaintiff's opposition, like his complaint, is an attempt to attack his court-martial conviction, and is unrelated to the Privacy Act. Plaintiff's claims are jurisdictionally barred or fail to state a claim upon which relief can be granted. For the reasons set forth in Defendant's submitted dispositive motion, and for the below reasons, Defendant's motion should be granted and Plaintiff's complaint dismissed.

---

[1] As stated in Federal Defendant's Motion to Dismiss, this motion, filed by the United States Army, only addresses claims against the United States Army and the other named defendants to the extent they are in a federal status and are acting as part of the United States Army.

## II. ARGUMENT

A. Sovereign Immunity

In opposition to Defendant's motion alleging that the Privacy Act does not waive federal sovereign immunity for acts committed by the State, Plaintiff alleges that federal question jurisdiction permit his claim. (Plaintiff's Response in Opposition to the Motion to Dismiss or In the Alternative for a More Definite Statement ("Pl.'s Opp.") at 10.) Plaintiff argues that "a claim for Privacy Act violations clearly presents a federal question, because a federal statute (5 U.S.C. 552) is the source of the right the plaintiff is asserting. Likewise, Plaintiff's allegations of supplemental or pendant jurisdiction fails since this Court lacks jurisdiction to hear any of Plaintiff's claims.

Defendant respectfully submits that Plaintiff's argument does not overcome the fact that the Privacy Act, while indeed a federal statute, does not waive federal sovereign immunity for acts committed by the state.[2] To the extent that Plaintiff alleges that the Alaska Department of Military and Veterans Affairs is a federal agency, Plaintiff's argument also fails. Plaintiff argues that the Alaska Department of Military and Veterans Affairs (DMVA) "is not strictly a State entity, but is also a Federal entity codified in the U.S. Constitution with Federal Statutes that governs it under U.S.C.'s 10 and 32." (Plaintiff's Response in Opposition to the Motion to Dismiss or In the Alternative for a More Definite Statement (Pl.'s Opp.) at 39. As stated in Defendant's previous motion, the Alaksa Army National Guard ("AKARNG") and the Alaska National Guard Youth Program ("AKNGYP"), as part of the Alaska Department of Military and Veteran's Affairs is controlled by and subject to the laws of the State of Alaska and in this

---

[2] See, e.g., Pennyfeather v. Tessler, 431 F.3d 54, 56 n. 1. (2d Cir. 2005).

capacity cannot be considered a federal agency. See generally Alaska Stat. § 26.05.010 (2008). Consequently, Plaintiff fails to establish subject matter jurisdiction against the federal defendant for any acts performed by the State of Alaska.

Plaintiff's argument that because the AKARNG is "required by the DA [Department of the Army] to maintain the same exact system of records as a Title 10 Regular Army unit" it is transformed into a federal agency, falls short. The application of and compliance with a federal regulation by a state or other entity does not transform it into a federal agency. In their policy making capacities, the Departments of Defense and Army promulgate administrative regulations and policies to standardize practices of their respective departments. These policies are not legislation and cannot be used as a basis to expand the Privacy Act's limited waiver of sovereign immunity. "[A]dministrative regulations cannot waive the federal government's sovereign immunity." Mitzelfelt v. Dept. of Air Force, 903 F.2d. 1293, 1296 (10th Cir. 1990) (*citing* United States v. Mitchell, 463 U.S. 206, 215-16 (1983)); *see also* United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 660 (1947) (agency officials "possess no power through their actions to waive an immunity of the United States"). These regulations do not waive sovereign immunity. St. Michaels Convalescent Hosp. v. California, 643 F.2d 1369, 1373 (9th Cir. 1981) (federal funding or regulation "do not convert that acts of local and state governmental bodies into federal governmental acts."). These regulations standardize practices across the Department of Defense and the Army, and those organizations, such as the National Guard, that may need to integrate into the Army and the Department of Defense. These common practices and procedures implemented by the Army National Guard in order to ensure a seamless integration into the federal active forces upon activation are not required by the Privacy Act and do not

create an express waiver of sovereign immunity.[3]

### B. Feres

Plaintiff spends considerable time arguing against the application of the Feres[4] doctrine to Privacy Act claims brought by service members against the military. Federal Defendant does not now and has not previously contended that the Feres doctrine applies to this case.[5] Rather, Defendant asserts that the AKARNG and AKNGYP are part of the Alaska Department of Military and Veterans Affairs, and not a federal agency as defined by the Privacy Act as stated in Defendant's original motion.

### C. Intra-Agency Release

Plaintiff also does not overcome the alternative argument that, should this Court find that the AKDMVA is a federal agency, that any release from AKDMVA to Plaintiff's command would have been intra-agency and made to Plaintiff's command, who was seeking information in the course of law enforcement activities. 5 U.S.C. § 552a(b)(1); 32 C.F.R. § 505, Appendix D (2007). Consequently, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### D. Collateral Attack on Court-Martial

---

[3] Moreover, the federal government cannot compel a State to follow Army regulations. "If a state National Guard elects, for some reason, not to comply with federal regulations, that state risks forfeiture of federal monies and other privileges. See 32 U.S.C. § 108." *Knutson v. Wisconsin Air National Guard*, 995 F.2d 765, 767 (7th Cir. 1993); *Charles v. Rice*, 28 F.3d 1312, 1315 (1st Cir. 1994).

[4] The Feres doctrine limits the ability of members of the armed forces to obtain relief for damages considered "incident to service." Feres v. U.S., 340 U.S. 135 (1950).

[5] See Cummings v. Dep't of Navy, 279 F.3d 1051, 1058 (D.C. Cir. 2002).

Plaintiff essentially seeks to challenge the result of his court-martial conviction, which Plaintiff concedes was affirmed by the Army Court of Criminal Appeals and review denied by the Court of Appeals for the Armed Forces, whose decision is attached.  (Defendant's Exhibit 1, ACCA Affirmance; Defendant's Exhibit 2, CAAF Decision Without Published Opinion.)  To the extent that Plaintiff's Complaint seeks to challenge his court-martial conviction, his claim must be dismissed for failure to state a claim upon which relief can be granted.  Such a claim would seek to challenge the judgment of the court-martial and as the Court of Appeals for the District of Columbia held , the Privacy Act is not "a vehicle for amending the judgments of federal officials."  Kleiman v. Dep't of Energy, 956 F.2d 335, 337-338 (*quoting* Rogers v. United States Dep't of Labor, 607 F.Supp. 697, 699 (N.D. Cal. 1985)).[6]

E.  Plaintiff's Proposed Amendment Would Be Futile

Plaintiff filed a motion seeking leave to amend his complaint on July 1, 2008.  While Plaintiff may amend his complaint without leave at any time prior to a responsive pleading, allowing him to file his proposed amended complaint would be futile.  Plaintiff's proposed amended complaint, dated April 15, 2008, reasserts the same claims as the original complaint but adds an allegation of a violation of the Freedom of Information Act ("FOIA") 5 U.S.C. 552.  Plaintiff's Proposed Amended Complaint,  Document 20-2 at 2.  The FOIA claim would also be dismissed for failure to state a claim upon which relief can be granted since Plaintiff fails to allege that he has made a request for records from a federal agency that failed to comply with his

---

[6] In Plaintiff's opposition to the Motion to Dismiss filed by the State of Alaska, Plaintiff inserted an entirely new pleading styled as a "Writ for Habeas Corpus for Collateral Review" which, unless otherwise directed, Defendant will not address as it is not properly before this Court. (Plaintiff's Opposition to State of Alaska's Motion to Dismiss, Document #13 a 25.)

request as required by 5 U.S.C. § 552(a)(4)(B). Plaintiff's proposed amendment simply alleges that the disclosure he claims violated the Privacy Act, also violate the FOIA. This allegation does not give rise to a cognizable claim under FOIA. Plaintiff's proposed allegation argue that under the FOIA, the records should not have been disclosed pursuant to a FOIA request and therefore any disclosure of the records would constitute a FOIA violation. Plaintiff's proposed claim would fail because the records were not released pursuant to a FOIA request. Regardless, the FOIA was designed to be a disclosure statute, the exemptions to disclosure, as cited by Plaintiff, are not mandatory and FOIA does not prohibit the disclosure of information. Chrysler v. Brown, 441 U.S. 281, 293-94 (1979); Bartholdi Cable v. FCC, 144 F.3d 274, 281 (D.C. Cir. 1997) (declaring that the "mere fact that information falls within a FOIA exemption does not itself bar an agency from disclosing the information"). While Defendant recognizes that leave to amend should be freely given, in cases where such amendment would be futile, it may be denied. Nattah v. Bush, 541 F.Supp. 2d 223, 229 (D.C. Cir. 2008). Accordingly, Plaintiff's motion to amend his complaint should be denied.

## V.  CONCLUSION

Plaintiff's Privacy Act complaint fails to establish subject matter jurisdiction against the federal defendant because the alleged disclosure was made by a state agency not subject to the Privacy Act and for which the United States has not waived sovereign immunity. Alternatively, the complaint is defective because even read in the light most favorable to Plaintiff, he fails to state a claim. Thus, Defendant is entitled to a dismissal of this action for Plaintiff's failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12 (b)(6), or alternatively, for a more definite statement. For the foregoing reasons, Defendant respectfully requests that this

Court dismiss Plaintiff's Privacy Act complaint with prejudice or order Plaintiff to provide a more definite statement.

         Respectfully submitted,

         _____/s_____

         JEFFREY A. TAYLOR, D.C. BAR No. 498610

         United States Attorney


         _____/s_____

         RUDOLPH CONTRERAS D.C. Bar No. 434122

         Assistant United States Attorney


         _____/s_____

         LANNY J. ACOSTA, JR.

         Special Assistant U.S. Attorney

         555 Fourth Street, N.W.,

         Washington, D.C. 20530

         (202) 353-9895

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by First-Class Mail, postage paid to:

FREDERICK M. GAMBLE (Plaintiff)
Regional Confinement Facility
1490 Randolph Road
Fort Sill, OK 73503

on this _____ day of July, 2008.


_____/s/_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780

# Exhibit 1

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SCHENCK, COOK, WALBURN
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Major Fredrick M. Gamble
United States Army, Appellant**

ARMY 20070029

Combined Joint Task Force-82
Reynold P. Masterton, Military Judge

For Appellant: Major Teresa L. Raymond; Captain Nathan J. Bankson

For Appellee: Lieutenant Colonel Francis C. Kiley

16 October 2007

---
DECISION
---

Per Curiam:

     On consideration of the entire record, including consideration of the issues personally specified by the appellant, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

# JALS-GA

# Exhibit 2

Case 1:08-cv-00207-ESH   Document 24-3   Filed 07/18/2008   Page 1 of 2

LEXSEE 2008 CAAF LEXIS 216

**U.S. v. Fredrick M. GAMBLE.**

**No. 08-0170/AR.**

**UNITED STATES COURT OF APPEALS FOR THE ARMED FORCES**

*66 M.J. 191*; *2008 CAAF LEXIS 216*

**February 19, 2008, Decided**

**NOTICE:** DECISION WITHOUT PUBLISHED OPINION

**OPINION**

PETITION FOR GRANT OF REVIEW DENIED.

**PRIOR HISTORY:** [*1]
CCA 20070029.